UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVERLY TARLETON                                    CIVIL ACTION

VERSUS                                              NO. 16-0043

COCA-COLA REFRESHMENTS USA, INC. ET AL.             SECTION A(5)

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff Beverly Tarleton. Defendants oppose the motion. The motion, set for submission on February 10, 2016, is before the Court on the briefs without oral argument. For the following reasons, the motion is **DENIED**.

   I.   Background

Plaintiff alleges that she sustained injuries after she consumed a Coca-Cola drink that contained bacteria. (Rec. Doc. 1). Specifically, she alleges that she became "violently ill" and suffered from nausea, hyperemesis, and diarrhea. (Rec. Doc. 1-2 at 3-4). She alleges that she received medical care due to this illness. (*Id.*)

Plaintiff filed suit in state court on November 20, 2015. (Rec. Doc. 1). Defendants removed the action to this Court on January 5, 2016, on the basis of diversity jurisdiction. (*Id.*) In the instant motion, Plaintiff seeks to remand the case, asserting that the amount in controversy does not exceed $75,000. (Rec. Doc. 6-1). Plaintiff acknowledges that she made a settlement demand for $81,080.00, but she asserts that after "further review of the medical records and case file," the damages do not exceed $75,000. (*Id.*). Plaintiff notes that her medical bills total $1,080.00 and that she does not allege lost wages. (*Id.*) Plaintiff further notes that she has stipulated that the damages do not exceed $75,000. (*Id.*)

1

**II.     Analysis**

The Fifth Circuit has articulated an analytical framework "for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are removed to federal court on the basis of diversity." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing *Luckett*, 171 F.3d at 298). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (citing *Luckett*, 171 F.3d at 298).

When it is not "facially apparent" from a petition that the damages will exceed the jurisdictional minimum, a court considers whether the defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy is likely to exceed the jurisdictional minimum. *See Thompson v. Acceptance Indem. Ins. Co.*, 2014 WL 7369733, at *4 (E.D. La. Dec. 29, 2014) (Brown, J.) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). As Defendants point out, a number of district courts within the Fifth Circuit have looked to pre-petition settlement demand letters as "relevant evidence" of the amount in controversy. *See id.* (citing *Creppel v. Fred's Stores of Tenn., Inc.*, 2013 WL 3490927 (E.D. La. July 10, 2013) (Barbier, J.) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.*, 2008 WL 1924234, at *2 (W.D. La. Apr.28, 2008) (granting remand where pre-petition settlement demand was for $28,392); *Lemus v. Intercontinental Hotels Corp.*, 2000 WL 526872, at *3 (E.D. La. May 1, 2000)

(Clement, J.); *Bourg v. Fireman's Fund Ins. Co.*, 1999 WL 335636, at *2 (E.D. La. May 24, 1999) (Clement, J.); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La.1995) (Polozala, J.) (denying remand where pre-petition settlement demand was for $110,000)).

When resolving a motion to remand, federal courts assess jurisdictional facts as they existed at the time of removal. *See id.* Post-removal stipulations may only be considered if the basis of jurisdiction at the time of removal is ambiguous. *Id.* at 5 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that a court may only consider a post-removal stipulation or affidavit if the basis for jurisdiction is ambiguous at the time of removal)).

Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Considering that Plaintiff had made a settlement demand of $81,080.00, the Court finds that, at the time of removal, the facts supported jurisdiction. Further, the Court finds that at the time of removal, the basis for jurisdiction was unambiguous. Therefore, based on the relevant case law, the Court disregards Plaintiff's later stipulation that the damages do not exceed $75,000.

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

February 11, 2016

                                              JUDGE JAY C. ZAINEY
                                              UNITED STATES DISTRICT JUDGE